IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| CORA E. BENNETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 11-9014-MC-W-ODS |
| ) | |
| SPRINT NEXTEL CORPORATION, ) | |
| ) | |
| Defendant, ) | |
| ) | |
| KPMG, INC., ) | |
| ) | |
| Interested Party. ) | |

**ORDER AND OPINION GRANTING IN PART AND
DENYING IN PART PLAINTIFFS' MOTION TO COMPEL**

Pending is Plaintiffs' Second Motion to Compel. (Doc. # 12). Plaintiffs seek the production of certain documents and information relating to the Public Company Accounting Oversight Board's ("PCAOB" or "the Board") investigation of KPMG. KPMG contends that the documents are privileged pursuant to 15 U.S.C. § 7215(b)(5)(A). The Court grants in part and denies in part Plaintiffs' Motion to Compel.[1]

I. BACKGROUND

Plaintiffs filed a putative class action against Defendants Sprint Nextel Corporation, Gary D. Forsee, Paul N. Saleh, and William G. Arendt (collectively, "Defendants") in the United States District Court for the District of Kansas, Case No. 09-2122-EFM-KHM (the "Underlying Action"). The case asserts securities fraud claims in connection with Sprint's merger with Nextel. Specifically, Plaintiffs claim Sprint "falsely reported its results for 4Q and FY 2006 and 1Q, 2Q, 3Q FY 2007 by failing to

---

[1] KPMG's request for oral argument is denied.

timely write off its impaired goodwill." Non-party KPMG, LLP ("KPMG") performed accounting work for Sprint in connection with this transaction.

As part of the Sarbanes-Oxley Act ("SOX") of 2002, the PCAOB was created "to oversee the audit of public companies that are subject to the securities laws . . . in order to protect the interests of investors and further the public interest in the preparation of informative, accurate, and independent audit reports." 15 U.S.C. § 7211(a). The Act empowers the Board to register public accounting firms, establish auditing and ethic standards, conduct inspections and investigations of registered firms, impose sanctions, and set its own budget. 15 U.S.C. §§ 7211(c), 7219(c)-(d).

In July 2006, the PCAOB began an inspection of KPMG. After receiving notice that the 2005 Sprint audit would be part of its annual PCAOB inspection, KPMG distributed an "Engagement Profile" and "Appendix A" to various KPMG employees to be completed and sent back to Board inspectors. The Engagement Profile asked questions about the scope of the Sprint audit. Appendix A is part of the Engagement Profile and sought information on audit procedures and testing performed. In August 2006, a "kick-off meeting" was held where KPMG gave a presentation on the 2005 Sprint audit to Board inspectors. Throughout the inspection, various meetings were held where the Board posed several oral and written requests and inquiries to KPMG. KPMG prepared responsive information to those requests. At the conclusion of the inspection, the Board sent KPMG written inspection comment forms and KPMG prepared responses to those comments.

Plaintiffs issued a subpoena from this Court to KPMG requesting that it produce certain documents to Plaintiffs to be used in the Underlying Action. On July 11, 2011, this Court granted Plaintiffs' first Motion to Compel ordering KPMG to produce its entire set of work papers reflecting contemporaneous evidence of KPMG's audits and reviews of Sprint's financial statements. Since that time, the parties have been negotiating the production of electronically stored information. On August 6, 2012, KPMG concluded its production of electronically stored information, but withheld the production of 468 documents asserting it is privileged information. Following a telephone conference with parties on July 25, 2012, this Court directed Plaintiffs to file a Motion to Compel.

## II. DISCUSSION

### A. Relevancy and Burden

Before reaching the question of the privilege issue in this case, the Court will first address KPMG's arguments that: (1) the documents sought by Plaintiffs are not relevant; and (2) producing the documents imposes undue burdens on KPMG.

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Pursuant to Rule 45, a Court must quash or modify a subpoena that subjects a person to undue burden. Fed. R. Civ. P. 45(c)(3)(A)(iv).

Here, Plaintiffs have demonstrated that the information it seeks is reasonably calculated to lead to the discovery of admissible evidence regarding whether goodwill was properly stated by Sprint. *See, e.g.*, Plaintiff's Reply Suggestions in Support (Doc. # 27) at 3. With regard to KPMG's second argument, the Court does not find any undue burden imposed upon KPMG because KPMG has already produced the 468 documents to the court for *in camera* review. The Court denies KPMG's preliminary arguments and will now address the central issue in this case—whether the documents sought by Plaintiffs are privileged.

### B. The Privilege under 15 U.S.C. § 7215(b)(5)(A)

Plaintiffs specifically seek the production of documents related to the Public Company Accounting Oversight Board's inspection that KPMG withheld as privileged under 15 U.S.C. § 7215(b)(5)(A), also known as § 105(b)(5)(A) of SOX. The privilege provides:

> [A]ll documents and information prepared or received by or specifically for the Board, and deliberations of the Board and its employees and agents, in connection with an inspection under section 104 or with an investigation under this section, shall be confidential and privileged as an evidentiary matter (and shall not be subject to civil discovery or other legal process) in any proceeding in any Federal

3

or State court or administrative agency, and shall be exempt from disclosure, in the hands of an agency or establishment of the Federal Government, under the Freedom of Information Act (5 U.S.C. 552a), or otherwise, unless and until presented in connection with a public proceeding or released in accordance with subsection (c).

15 U.S.C. § 7215(b)(5)(A).

This privilege provision thus addresses two circumstances. The first, which is not of issue here, involves discovery requests directed to the Board itself. The second circumstance involves discovery requests directed to targets of the Board's investigations. The second aspect of the privilege protects those who are under investigation from being required to divulge their responses to that investigation. Notably, however, the privilege does not extend to documents from the underlying transaction or work that is the subject of the investigation as such documents are not prepared for the Board. When those underlying documents are given to the Board, the fact they were delivered is privileged, but the documents themselves are not.

*1. The Privilege May be Asserted by KPMG*

Plaintiffs argue that 15 U.S.C. § 7215(b)(5)(A) only covers documents "in the hands" of the Board and does not protect documents in the hands of third parties, namely KPMG. Plaintiffs' argument is not supported by the plain language of the statute. KPMG points out that the statute extends to both materials "prepared . . . for" and "received by" the Board. KPMG argues that if only materials in the possession of the Board (i.e. "received by") were protected, then the phrase "prepared . . . for" would be rendered superfluous. Further, as discussed previously, the privilege not only protects the Board, but also those who are under investigation from being required to reveal their responses to the Board's inquiries. The Court agrees and finds the privilege outlined in 15 U.S.C. § 7215(b)(5)(A) may be asserted by KPMG.

### 2. The "Board" Includes the PCAOB's Inspection Staff

Next, Plaintiffs contend that the "Board" as used in the statute only includes the five appointed Governing Members of the Board, thus excluding the staff of the Division of Registration and Inspections of the Board. Plaintiffs' argument is without merit. Section 7201 defines "Board" as the "Public Company Accounting Oversight Board." The Board's duties include registering and inspecting audit firms, as well as conducting investigations and disciplinary hearings. *See* 15 U.S.C. § 7211(c). The five appointed Board members must necessarily rely on other PCAOB officials to conduct investigations and prepare documents that relate to the investigation as well as receive documents relating to the investigation. The Court finds that the "Board" as mentioned in section 7215(b)(5)(A) includes the PCAOB's inspectors who actually conduct the investigations.

### 3. The Privilege Covers Some Internal KPMG Materials

The privilege created by the statute covers two categories of information: (1) all documents and information prepared or received by or specifically for the board; and (2) deliberations of the Board and its employees and agents. 15 U.S.C. § 7215(b)(5)(A).

#### a. Documents Specifically for the Board

Several of the 468 documents provided to the Court for an *in camera* review fall into a similar pattern that justifies a general preliminary discussion. Obviously, KPMG can only act through people. Thus, documents exchanged or communications between KPMG and the Board must involve one or more human beings acting on behalf of KPMG. In this case, communications about the PCAOB investigation occurred between multiple human beings acting (collectively) on behalf of KPMG. These internal communications are the thought processes of the KPMG and are akin to an individual's inner thoughts.

Plaintiffs rely upon an unreported case, *Silverman v. Motorola*, No. 07-C-4507, 2010 WL 4659535 (N.D. Ill. 2010), for its contention that the statutory privilege does not

5

apply to all documents and information relating to a PCAOB inspection. In *Silverman*, KPMG sought to quash a subpoena issued to it by plaintiffs seeking documents relating to a PCAOB inspection. *Id.* at *1. Resolution of KPMG's motion turned on the same SOX provision at issue in this case. *Id.* at *2. KPMG in that case objected to production of documents "concerning the PCAOB inspection process" or any documents "created . . . in connection with a PCAOB inspection." *Id.* at *3. The court found that KPMG's reading of the statute extended the interpretation of the provision beyond its plain language and ordered KPMG to produce all documents regarding that were not "prepared . . . specifically for the Board." *Id.* at *4, *6. The court specifically rejected KPMG's position that "documents and information that are created in response to a PCAOB inspection and that relate or reflect the substance of the inspection process—such as internal KPMG communications that discuss, but are not in themselves, communications with the Board or the inspectors, or that discuss the content of confidential questions, comments, or critiques made by Board inspectors, or that reflect the firm's development of responses to those questions, comments or critiques ultimately to be communicated to the Board's inspection term—are protected." *Id.* at *3. The court reasoned that "if Congress intended the privilege to protect all materials related to the inspection, the text of the statute would reflect that intention." *Id.* at *4.

      This Court respectfully declines to follow the *Silverman v. Motorola* court's interpretation of 15 U.S.C. § 7215(b)(5)(A). While this Court follows *Silverman*'s ultimate holding that the statute limits the protection of materials that are "specifically for" the Board, this Court finds that internal KPMG communications that discuss confidential questions or comments made by the Board or reflect KPMG's development of responses to Board inquiries are also protected. Because the final version of PCAOB comments and KPMG responses to those comments are all privileged, then it also holds that any internal KPMG communications that reveal those comments, or the work to develop the responses to the comments, are also privileged. All of these communications are specifically for the Board because absent the inspection, these documents and communications would not exist.

      After conducting its *in camera* review, the Court finds that a majority of the logged

6

documents are privileged under the first category of 15 U.S.C. § 7215(b)(5)(A) including:

- Direct communications between the Board inspectors and KPMG

- Forms labeled as "Public Company Accounting Oversight Board Inspection Comment Form," including the Board's comments, KPMG's responses, and drafts thereof

- Spreadsheets including data prepared specifically for the Board

- Any information revealing specific questions or inquiries from Board members and drafts and final versions of KPMG responses to those questions or inquiries

- Drafts and final versions of the Engagement Profile

- Drafts and final versions of Appendix A

- The kick-off meeting presentation file

The documents listed above are privileged because they were prepared by the Board, received by the Board, or specifically for the Board. The Court finds, however, that any substantive information, documents, spreadsheets, or forms that were compiled specifically for Sprint, but nevertheless used to respond to the Board's inquiries, are not privileged.

*b. Deliberations*

KPMG contends is that the privilege applies to all internal documents maintained by KPMG that relate to or potentially reveal some aspect of the deliberations. Plaintiffs argue that KPMG's documents cannot reveal the actual deliberations of the PCAOB because KPMG was not present for or a part of those deliberations.

The SOX does not define "deliberations," therefore, the Court looks to Black's Law Dictionary for guidance. "Deliberations" are defined as "the act of carefully considering issues and options before making a decision or taking some action; esp., the process by which a jury reaches verdict, as by analyzing, discussing, and weighing the evidence." Black's Law Dictionary (9th Ed. 2009). The deliberations privilege protects the Board's

7

Case 4:11-mc-09014-ODS   Document 31   Filed 10/10/12   Page 7 of 10

consideration and analysis of the evidence the Board receives, but not necessarily the evidence itself. The Court concludes that while a majority of the 468 documents are privileged because they are "documents and information prepared or received by or specifically for the Board," none qualify as "deliberations" of the Board.[2]

*4. KPMG Has Not Waived Its Privilege*

Finally, Plaintiffs assert that by voluntarily sharing some of the information relating to the PCAOB investigation to Sprint employees and/or named Defendants in the Underlying Action, KPMG waived its privilege for all of the 468 documents. There is no caselaw addressing waiver of the privilege outlined in 15 U.S.C. § 7215(b)(5)(A), so the Court turns to caselaw regarding other privileges. The burden of proving waiver of the privilege is on the Plaintiffs as they are the proponent of the production of the privileged information. *See Baranski v. U.S.*, No. 4:110CV-123-CAS, 2012 WL 425007, at *6 (E.D. Mo. 2012) (attorney-client privilege). With respect to the attorney-client privilege, it is "generally waived by the disclosure of confidential communications to any third parties." *Id.*. However, disclosing some privileged materials does not necessarily waive protection for other similar documents. *See Pittman v. Frazer*, 129 F.3d 983, 988 (8th Cir. 1997) (quoting Wright & Miller, § 2024 at 209) ("The disclosure of some documents does not destroy work product protection for other documents of the same character.").

Here, Plaintiffs contend that the following specific instances demonstrate waiver of the privilege: KPMG informing Paul Saleh and Bill Arendt, Defendants in the Underlying Action, that the Sprint engagement had been selected for inspection by the PCAOB; Sprint board meeting minutes indicating that the "PCAOB review results of KPMG" were discussed; and sharing the kick-off meeting presentation file with Sprint employees, which was created and presented to the PCAOB. *See* Plaintiff's Suggestions in Support

---

[2] Consistent with this ruling, the documents KPMG has identified as "deliberations" on its Index for *In Camera* Review are not privileged unless the documents qualify as "documents and information prepared or received by or specifically for the board" discussed in section II.B.3.a of this Order and Opinion.

8

(Doc. # 13) at 12-13.  None of Plaintiff's exhibits indicate that Sprint was provided any of the PCAOB comment forms, copies or drafts of the Engagement Profile or Appendix A, or any of the details of the privileged documents prepared during the PCAOB inspection of KPMG.  While Plaintiffs point to emails and Sprint board minutes to support their waiver argument, this evidence merely shows that Sprint was informed that the PCAOB inspection took place, but do not show that the details or substance of the investigation were divulged.  Although the kick-off meeting presentation file was purportedly revealed to Sprint employees, this limited communication is inadequate to cause a wholesale subject matter waiver.  Further, Plaintiffs are already in possession of the kick-off meeting presentation file and, thus ordering KPMG to produce this document would be of no use to Plaintiffs.  The Court concludes that Plaintiffs have not met their burden to establish KPMG's waiver of the privilege.

### III. CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part Plaintiffs' Second Motion to Compel (Doc. # 12).  The Court finds that direct communications with the PCAOB are privileged and should not be produced.  Further, any drafts or final versions of the following documents are privileged under 15 U.S.C. § 7215(b)(5)(A) whether KPMG sent them internally or directly to the Board and its inspectors and should not be produced: (1) forms labeled as "Public Company Accounting Oversight Board Inspection Comment Form," including the Board's comments, KPMG's responses, and drafts thereof; (2) the Engagement Profile; and (3) Appendix A.  Any spreadsheets including data prepared specifically for the Board, and any information revealing specific questions or inquiries from Board members and drafts and final versions of KPMG responses to those questions or inquiries are also privileged and should not be produced. The Court finds that the documents outlined in category 3 of KPMG's "Index for *in camera* review" labeled as "Internal KPMG documents that constitute or reveal deliberations of the Board" are not "deliberations of the Board."  KPMG is ordered to produce these documents unless they reveal any of the aforementioned privileged information,

9

including, but not limited to, spreadsheets including data prepared specifically for the Board or any information revealing specific questions or inquiries from the Board and drafts and final versions of KPMG responses to those questions or inquiries.


IT IS SO ORDERED.


DATE: October 10, 2012

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT